IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation, | Case No. 1:15-cv-1364<br><br>MDL No. 2602<br><br>Judge Amy J. St. Eve |

## ORDER GRANTING PRELMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS a consolidated class action is pending before this Court styled *In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation,* Case No. 1:15-cv-1364 (N.D. Ill.), MDL Docket No. 2602;

WHEREAS Plaintiffs Angelita Hickman, Michael Reyes, Charles Hoff, Michael Baden, Jerry Lautigar, John Malloy, Hans Shanks, Layla Patterson, Debra Dockstader, Season Gomez, Conrad Shogren, David Sullivan, Kathleen Sullivan, Tracy McCoy, Cory Fales, Robert Webber, Rick Boscardin, Cynthia Scaglione, Jeffrey Mies, Don Gibson, Scott Holbrook, Ed Anderson, John Riello, Robert Dorgan, Carol Larson, Ulbardo Fernandez, James Leonard, Joan Leonard, Christopher McLamb, Tamela McLamb, Irma Blank, Leasha Dixson, Steven Cady, Gina Cady, Lawrence Fredericks, Scott Reinhart, Mark Renzi, Paula Rogers, Dominic Ray Diaz, Becki S. Murphy, Sharon Ledford, George Reynolds, Michael Allen, Carrie McCain, and Daniel T. Howell ("Plaintiffs"), have made an application pursuant to Federal Rule of Civil Procedure 23(e), requesting preliminary

approval of a settlement (the "Settlement") with Defendant Rust-Oleum Corporation ("Defendant" or "Rust-Oleum"), in accordance with the Agreement of Compromise and Settlement filed with the Court on October 19, 2016 (the "Settlement Agreement"), which together with the exhibits annexed thereto set forth the terms and conditions for a proposed Settlement of the Action and for dismissal of the Action with prejudice upon the terms and conditions set forth therein;

WHEREAS, all defined terms herein have the same meanings as set forth in the Settlement Agreement;

**THE COURT HEREBY FINDS THAT:**

(a) The Settlement has been negotiated at arms' length, is not collusive, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class (as defined below);

(b) With respect to the proposed Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the proposed Settlement, that class certification is appropriate; and

(c) The Notices of Class Action and Proposed Settlement (**Exhibits A and B** to the Settlement Agreement) and the method of providing such Notices to the proposed Settlement Class (as described in Settlement Agreement ¶6 and in the Declaration of Carla A. Peak on Settlement Notice Plan, filed on October 19, 2016), comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Action.

**IT IS THEREFORE ORDERED THAT:**

1. The Settlement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement is therefore preliminarily approved, subject to further consideration at the Final Approval Hearing described below.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, for purposes of effectuating this proposed Settlement only, the Court hereby certifies the following class (the "Settlement Class"):

> All persons or entities in the United States and its territories who purchased, not for resale, a Restore Product during the Class Period (January 1, 2008 through the date of entry of this Preliminary Approval Order), excluding: (i) all persons and entities who filed a claim concerning a Restore Product in any court, if that claim has been resolved with a final judgment or order; (ii) Rust-Oleum, any entity in which Rust-Oleum has a controlling interest, any person or entity which has a controlling interest in Rust-Oleum, and Rust-Oleum's legal representatives, assigns, and successors; and (iii) the judge to whom the MDL Action is assigned and any member of the judge's immediate family.

3. With respect to the Settlement Class, this Court preliminarily finds only for purposes of effectuating this proposed Settlement that: (a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and their counsel, have fairly and adequately represented and protected the interests of all of the Settlement Class Members, and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement

Class Members; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the Action.

4. Plaintiffs are designated and appointed to serve as representatives of the Settlement Class.

5. The law firms of Lite DePalma Greenberg LLC and Audet & Partners, LLP are designated and appointed to serve as Settlement Class Counsel.

6. The Court approves, as to form and content, the Long-Form Notice and Summary Notice attached to the Settlement Agreement as **Exhibits A and B**, and finds that the mailing and distribution of the Long-Form Notice and publishing and emailing of the Summary Notice as set forth in the Settlement Agreement meet the requirements of Federal Rule of Civil Procedure 23 and due process, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

7. KCC LLC is designated and appointed as the Claims Administrator under the Settlement Agreement to supervise and administer the notice procedure set forth below:

(a) No later than ten (10) days after the date of this Order, Rust-Oleum shall supply the Claims Administrator the data specified pursuant to ¶6.11 of the Settlement Agreement concerning known Class Members.

(b) No later than ten (10) days after the date of this Order, the Claims Administrator shall send notice to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

(c) No later than thirty (30) days after the date of this Order, the Claims Administrator shall commence Class Notice to the Class pursuant to ¶6 of the Settlement Agreement and the Notice Plan submitted to the Court.

(d) Before distribution of either the Summary Notice or the Long-Form Notice, the Claims Administrator shall cause a toll-free telephone facility to be established pursuant to ¶6.5 of the Settlement Agreement.

(e) Before distribution of either the Summary Notice or the Long-Form Notice, the Claims Administrator shall cause an internet website concerning the Settlement to be established pursuant to ¶6.6 of the Settlement Agreement. The Claims Administrator shall notify Rust-Oleum in writing of the establishment of the website so that Rust-Oleum may post a conspicuous link to the website on its corporate website in accordance with ¶6.7 of the Settlement Agreement.

(f) The Claims Administrator will publish and email the Summary Notice (**Exhibit A** to the Settlement Agreement) in accordance with the Notice Plan and as specified in ¶6.8 of the Settlement Agreement.

(g) The Claims Administrator will mail the Long-Form Notice (**Exhibit B** to the Settlement Agreement) via first class mail, postage prepaid to each Class Member identified by the Parties through reasonable efforts, as specified in ¶6.9 of the Settlement Agreement.

(h) The Claims Administrator shall complete the Notice Plan as set forth in the Declaration of Carla A. Peak, filed on October 19, 2016.

(i) No later than 10 days before the Final Approval Hearing, the Claims Administrator shall file with the Court and serve on the parties proof, by affidavit or declaration, of such mailing and publishing.

8. Members of the Settlement Class may request exclusion from the Settlement Class as provided in the Settlement Agreement. Any request for exclusion must be received by the Claims Administrator on or before January 16, 2017. Any request for exclusion received after the aforementioned date, or that does not comply with the requirements as set forth in the Settlement Agreement shall not be valid. The Claims Administrator shall file documents with the Court reporting on the Settlement Class Members timely and validly requesting exclusion no later than 3 days before Final Approval Hearing.

9. Settlement Class Counsel shall file their motion for the approval of attorneys' fees, costs and expenses and for incentive awards (the "Motion for Fees and Incentive Awards") to Plaintiffs no later than twenty-one days (21) days before the deadline for Objections, on or before December 26, 2016.

10. Members of the Settlement Class shall have the right to object to the proposed settlement and the Motion for Fees and Incentive Awards. No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless, no later than January 16, 2017, the Settlement Class Member files with the Clerk of Court and concurrently personally serves or mails to addresses of Settlement Class Counsel specified in the Notice to the Settlement Class, the information required in ¶13.2 of the Settlement Agreement, including: (i) the full name and current address and telephone number of the

Settlement Class Member; (ii) the location of the deck or other substrate to which the Restore Product purchased by the Settlement Class Member was applied, if different from the current address; (iii) proof that the Settlement Class Member purchased a Restore Product during the Class Period; (iv) a statement of the amount of the Restore Product purchased (in gallons or dollars); (v) all of the Settlement Class Member's objections, the reasons therefor, and all supporting papers, including, without limitation, all briefs, written evidence, and declarations; (vi) a statement of whether the Settlement Class Member intends to appear at the Final Approval Hearing; and (vii) the Settlement Class Member's signature and the signature of any attorney representing the Settlement Class Member. Any Settlement Class Member who does not make his or her objection in the manner provided in ¶13 of the Settlement Agreement and this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness or adequacy of the proposed Settlement and to the award of attorneys' fees and expenses to Settlement Class Counsel and the incentive awards to Plaintiffs for their representation of the Class or any other aspect of the Settlement Agreement.

11. Plaintiffs shall respond to Settlement Class Member objections concerning their Motion for Fees and Incentive Awards no later than January 30, 2017.

12. Plaintiffs shall file a Motion for Final Approval of the Settlement Agreement no later than twenty-one (21) days before the Final Approval Hearing, on January 25, 2017. Any Settlement Class Member opposition to Plaintiffs' Motion for Final Approval shall be filed no later than fourteen (14) days before the Final Approval Hearing, on February 1, 2017. Plaintiffs shall file any response(s) no later than five (5) days before the Final Approval Hearing.

13. A hearing (the "Final Approval Hearing") shall be held before this Court on February 15, 2017, at 8:30 a.m., in courtroom 1241 of the United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court and to determine any amount of fees and expenses that should be awarded to Settlement Class Counsel and any incentive awards to Plaintiffs for their representation of the Class.

14. All proceedings in this Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement, and this Order, are hereby stayed and suspended until further order of this Court.

15. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiffs and all Settlement Class Members shall be preliminarily enjoined, during the period from the entry of the Preliminary Approval Order to the date of the Final Approval Hearing, from commencing or prosecuting any action asserting any of the claims and causes of action to be released under the Settlement Agreement, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity that knowingly violates the injunction shall pay the costs and attorneys' fees incurred by Defendants or any other party to be released under the Settlement Agreement as a result of the violation. Nothing in this paragraph shall be construed to prevent a Settlement Class Member from presenting objections to the Court in accordance with Paragraph 10 of this Order.

16. If the settlement proposed in the Settlement Agreement, this Order and the Judgment and Order contemplated by the Settlement Agreement do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, then neither the Settlement Agreement, this Order nor the contemplated Final Judgment and Order shall have any force or effect; the Parties shall be restored, without waiver, to their respective positions immediately prior to entering into the Settlement Agreement; any certification of the Settlement Class shall be vacated; the Action shall proceed as though the Settlement Class had never been certified.

17. The Court may extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

IT IS SO ORDERED.

DATED: October 20, 2016

_____
THE HONORABLE AMY J. ST. EVE
UNITED STATES DISTRICT JUDGE