**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *In re: Rust-Oleum Restore Mktg., Sales Practices and Prods. Liab. Litig.* | Case No. 1:15-cv-01364 |
| | MDL No. 2602 |
| | Hon. Amy J. St. Eve |

**FINAL JUDGMENT AND ORDER**
**GRANTING FINAL APPROVAL OF SETTLEMENT, INCENTIVE AWARDS,**
**ATTORNEYS' FEES AND COSTS**

On October 26, 2016, this Court entered an amended order granting preliminary approval (Dkt. 109) (the "Preliminary Approval Order") of the settlement between Plaintiffs, individually and on behalf of the Settlement Class (as defined below), and Defendant Rust-Oleum Corporation ("Rust-Oleum"), as memorialized in the Agreement Of Compromise And Settlement (the "Settlement Agreement" or "Settlement") in this proposed class action (the "Litigation").

On March 6, 2017, the Court convened a Final Approval Hearing for which members of the class, including the Settlement Class, had been given appropriate notice. An opportunity to be heard was provided to all persons requesting to be heard in accordance with the Preliminary Approval Order and the Notice provided. Having considered the Settlement Agreement; Proposed Claim Form (Dkt. 124); Amended Declaration of Deborah McComb (Dkt. 122); Combined Motion for Final Approval of Class Action Settlement and Responses to Objections (Dkt. 118); Objection to Settlement by Gallant and Lagenaur (Dkt. 115); Motion For Attorneys' Fees, Costs, And Class Representative Incentive Awards (Dkt. 112); Letter from Joseph

1

Monahan (Dkt. 110); Motion for Preliminary Approval (Dkt. 105); and all other pleadings filed in relation to the Settlement and the Litigation, as well as the evidence submitted,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.      This Judgment and Order incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used, but not defined herein, shall have the same meanings as in the Settlement Agreement.

2.      This Court has jurisdiction over Plaintiffs, Rust-Oleum, members of the Settlement Class, and the claims asserted in the Litigation.

3.      The Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive.

**<u>Class Certification and Approval of Settlement</u>**

4.      The following class (the "Settlement Class") is now finally certified pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All persons or entities in the United States and its territories who purchased, not for resale, a Restore Product during the Class Period (January 1, 2008 through October 26, 2016), excluding: (a) all persons and entities who filed a claim concerning a Restore Product in any court, if that claim has been resolved with a final judgment or order; (b) Rust-Oleum, any entity in which Rust-Oleum has a controlling interest, any person or entity which has a controlling interest in Rust-Oleum, and Rust-Oleum's legal representatives, assigns, and successors; and (c) the judge to whom the MDL Action is assigned and any member of the judge's immediate family.

5.      The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiffs' claims are typical of the claims of the Settlement

Class; (d) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; (e) Katrina Carroll of Lite DePalma Greenberg and William M. Audet of Audet & Partners, LLP are adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.      Pursuant to Federal Rule of Civil Procedure 23, this Court hereby approves the Settlement set forth in the Settlement Agreement and finds that the Settlement is, in all respects, fair, reasonable, and adequate. To evaluate the fairness of a settlement, the Court considered (i) the strength of Plaintiffs' case compared to the amount of Defendants' settlement offer, (ii) an assessment of the likely complexity, length and expense of the Litigation, (iii) an evaluation of the amount of opposition to Settlement among affected Parties, (iv) the opinion of competent counsel, and (v) the stage of the proceedings and the amount of discovery completed at the time of Settlement. Each of the five factors weighs in favor of approval of the Settlement Agreement reached here and supports the Court's finding that the Settlement is fair, reasonable and adequate:

i.      **Strength of Plaintiffs' Case**: The terms of the Settlement Agreement provide immediate benefits to all class members, including cash payments to the Settlement Class. On the other hand, as noted, the case presents a host of risks for the Plaintiffs overall. This factor favors approval of the settlement.

ii.     **The Likely Complexity, Length, and Expense of Continued Litigation:** Litigating a class action lawsuit of this nature to conclusion would have been a complex, lengthy, and an expensive endeavor. The trial in and of itself would have been a prolonged and complicated process and could have taken months to complete. Appeals

almost certainly would have also followed any class certification ruling or judgment. This factor favors approval of the settlement.

      **iii.**      **Opposition to The Settlement by Class Members:** There was virtually no opposition to the Settlement amongst Class Members despite the extensive Notice program. The Court finds that of the eligible Class Members, only 4 Class Members requested exclusion from the Class, and only one person submitted an objection to the Settlement, with one individual raising an issue over the publication date of the Plan of Allocation. This factor favors approval of the settlement.

      **iv.**      **The Settlement is Supported by the Opinion of Competent Counsel:** In connection with the fourth factor—the opinion of competent counsel—the Court finds that Katrina Carroll and William M. Audet are experienced in class action litigation. Ms. Carroll and Mr. Audet have submitted their opinions in favor of the Settlement. Thus, this factor weighs in favor of approval.

      **v.**      **The Stage of the Proceedings and the Amount of Discovery Completed at The Time of Settlement:** The case settled only after the Parties engaged in substantial discovery, undertook dozens of deck inspections, fully briefed motions to dismiss, and were in the best position to fully assess the strengths and weaknesses of the claims and defenses in negotiating the Settlement. Accordingly, the advanced stage of the proceedings weighs in favor of approving the Settlement.

7.      The Court further finds that the Settlement set forth in the Settlement Agreement is the result of arm's-length negotiations between experienced counsel. Accordingly, the Settlement embodied in the Settlement Agreement is hereby finally approved in all respects. The Parties to the Settlement Agreement are hereby directed to perform the terms as set forth therein.

All members of the Settlement Class who have not opted out are forever bound by this Judgment and Order and the Settlement Agreement.

8.      The Plaintiffs listed in the Settlement Agreement are designated as representatives of the Settlement Class.

9.      Katrina Carroll of Lite DePalma Greenberg and William M. Audet of Audet & Partners, LLP are appointed as Class Counsel.

**Class Notice and Claim Form**

10.     The Class Notice (as described in the Settlement Agreement and previously approved by the Court) fully complied with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the Settlement of the Action.

11.     The Court has considered the proposed Claim Form (Dkt. 124) submitted on February 21, 2017 and, absent significant modifications to the proposed Claim Form, it is approved. The Claim Form may be subject to minor edits and changes without prior approval of the Court.

**Objections and Opt-Outs**

12.     One complaint was lodged by Joseph Monahan (Dkt. 110) and one objection was filed by Kenneth Gallant and Mary Beth Lagenaur (Dkt.  115). No other objections or comments have been timely filed with the Court.

13.     A total of four persons/entities have validly requested exclusion from the Settlement Class: Paul M. Shelley, Edmund S. Gazinski, Wanda Lee Fox, and Felicia R. Dolecki.  These individuals are not members of the Settlement Class, are not bound by the

Settlement or this Judgment and Order, and are not entitled to seek compensation or other relief under the Settlement Agreement.

14.     On February 21, 2017, after full consideration of the issues raised, this Court issued an order and overruled all objections to the proposed class Settlement. (Dkt. 123.)

### Class Monetary Compensation

15.     In accordance with the terms of the Settlement Agreement, in addition to paying for notice and claims administration costs, and providing other non-monetary benefits to the Settlement Class, Rust-Oleum has agreed to pay a total of $9,300,000 to create a settlement fund (the "Settlement Fund"). No portion of the Settlement Fund shall revert back to Rust-Oleum.

16.     The Court orders Rust-Oleum, or its agents, to deposit the Settlement Fund pursuant to terms the Settlement Agreement.

17.     The Court orders the Claims Administrator to administrate the Claims Program as that term is defined in the Settlement Agreement and to compensate the Settlement Class Members who submit Eligible Claims in accordance with the Settlement Agreement, following the Court's review of the Parties' proposed Plan of Allocation.

18.     Deborah Gage Haude is hereby appointed to serve as Special Master, pursuant to the terms of the Settlement Agreement.

### Releases

19.     Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of this Judgment and Order shall have expressly, intentionally, voluntarily, fully, finally, irrevocably, and forever released, waived, compromised, settled, and discharged all Released Claims against the Released Persons, except as expressly provided in the Settlement Agreement.

6

20.     Upon the Effective Date, the Releasing Parties and anyone claiming through or on behalf of any of them, are forever barred and enjoined from commencing, instituting or continuing to prosecute any action or other proceeding of any kind in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind (whether within the United States or not) asserting any of the Released Claims against any of the Released Persons, except as expressly provided in the Settlement Agreement.

**Award of Attorneys' Fees and Costs**

21.     The Court has considered Class Counsel's application for attorneys' fees and costs, along with the monetary value of the Settlement, the non-monetary benefits conferred on the Class, Class Counsel's knowledge and experience, and all other relevant factors associated with the fees and costs requested by Class Counsel.

22.     Accordingly, based on applicable law and consideration of the monetary and non-monetary benefits obtained by Class Counsel under the Settlement Agreement, the Court awards Class Counsel the sum of $3,069,000 as an award of attorney's fees and $99,704.39 as reasonable expenses to be paid from the Settlement Fund. The Court finds these amounts to be fair and reasonable.  The fees and the expenses awarded above shall be paid in the manner set forth in the Settlement Agreement.

23.     The Court notes that Class Counsel and Additional Plaintiffs Counsel submitted lodestar reporting shows that they collectively have a lodestar in excess of $4.4 million (a negative multiplier). Accordingly, Class Counsel's request for fees and expenses is fair and reasonable and in line with applicable law.

24.     The award of fees and expenses shall be paid by the Claims Administrator out of the Settlement Fund no later than fifteen (15) days after the Effective Date, pursuant to the

Settlement Agreement. Class Counsel shall have sole discretion in the distribution of any fees, costs, litigation expenses amongst Plaintiffs' counsel of record in the Litigation. This Court shall retain jurisdiction over any issues or disputes relating to such allocation.

### Incentive Awards

25.     The Court grants Class Counsel's request for incentive awards to the Class Representatives and awards $2,000 to each of the forty-one (41) Class Representatives.  These payments shall be made from the Settlement Fund in the manner set forth in the Settlement Agreement.

### Other Provisions

26.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

27.     Neither the Settlement Agreement, the Preliminary Approval Order, this Order Granting Final Approval, nor any of their provisions, nor any of the documents (including, but not limited to, drafts of the Settlement Agreement, the Preliminary Approval Order, or the Order Granting Final Approval), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Rust-Oleum, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement.

28.     The Court orders the Claims Administrator to provide the Parties with a Plan of Allocation following the evaluation of Eligible Claims, and orders the Parties to file a proposed Plan of Allocation as provided in the Settlement Agreement.

29.     Any Plan Of Allocation submitted by Class Counsel or any order entered regarding the attorneys' fee and expense application shall in no way disturb or affect this Judgment and Order and shall be considered separate from this Judgment and Order.

30.     Without affecting the finality of this Judgment and Order in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution of the Settlement Fund, including interest earned thereon; (b) disposition of the Settlement Fund; and (c) all Parties hereto for the purpose of construing, enforcing, and administering the Settlement Agreement.

### Dismissal and Judgment

31.     Each of the suits that constitute this Litigation (including *In re Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation*, No. 1:15-cv-1364 (N.D. Ill.) (MDL No. 2602); *McCain, et al. v. Rust-Oleum Corporation*, No. 14-cv-4852 (N.D. Ill.); *Webber, et al. v. Rust-Oleum Corporation*, No. 14-cv-2248 (D. Md.)*; Cady, et al. v. Rust-Oleum Corporation*, No. 14-cv-06156 (E.D. Pa.)*; Fernandez v. Rust-Oleum Corporation, et al.*, No. 14-cv-08857 (S.D.N.Y.)*; Leonard, et al. v. Rust-Oleum Corporation*, No. 14-cv-00259 (E.D.N.C.); *Sullivan, et al. v. Rust-Oleum Corporation*, No. 3:15-cv-00023 (S.D. Ill.); *Baden, et al. v. Rust-Oleum Corporation*, No. 15-cv-2892 (N.D. Ill.); and *Howell v. Rust-Oleum Corporation*, No. 15-cv-8379 (D.N.J.)) are hereby dismissed with prejudice.

32.     Pursuant to Fed. R. Civ. P. 58, the Court hereby directs the Clerk of the Court to enter a judgment approving the Settlement and dismissing this Litigation with prejudice, in accordance with this Judgment and Order.

33.     This Judgment and Order is a final and appealable decision.


Dated: March 6, 2017

_____
Hon. Amy J. St. Eve
United States District Court Judge