# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In Re: Rust-Oleum Restore Marketing, Sales Practices and Products Liability Litigation, | Case No. 1:15-cv-1364<br><br>MDL No. 2602<br><br>Judge Amy J. St. Eve |

## JOINT MOTION FOR DISTRIBUTION OF SETTLEMENT FUNDS

1.  Plaintiffs and Defendant Rust-Oleum Corp. (the "parties") hereby jointly move this Court for distribution of funds under the parties' settlement agreement, which received final approval on March 6, 2017.

2.  Specifically, pursuant to the Court's exclusive and continuing jurisdiction over the administration of the settlement fund, the parties move the Court to enter an order:

    a.  Accepting the administrative determinations by Kurtzman Carson Consultants LLC ("KCC"), the claims administrator appointed by the Court in its order granting preliminary approval of the settlement (ECF Doc. 109), concerning the acceptance and rejection of claims submitted by putative Settlement Class Members in response to the notice of the settlement, as detailed in the Declarations of Deborah McComb and Deborah Haude submitted in support of this motion (hereinafter the "McComb Declaration" and "Haude Declaration" attached hereto as **Exhibit 1** and **Exhibit 2**, respectively); and

    b.  Accepting KCC's determinations and calculations and authorizing KCC's distribution of the Net Settlement Fund to Settlement Class Members in accordance with the plan of allocation, as set forth by the Court in Paragraph 28 of the Final Approval Order (ECF Doc. 127).

735448.1

## STATEMENT OF FACTS

3. On October 26, 2016, the Court: (a) preliminarily approved the parties' class settlement as fair, reasonable, and adequate and certified the settlement class for settlement purposes; (b) appointed the undersigned attorneys for Plaintiffs as settlement class counsel; (c) appointed the named Plaintiffs as representatives of the settlement class; (d) appointed KCC as the claims administrator. ECF Doc. 109.

4. The Court then entered a Final Judgment and Order on March 6, 2017 approving the class action settlement in this matter (the "Final Order," ECF Doc. 127). The Final Order also appointed Deborah Gage Haude of JAMS as Special Master, tasked with reviewing class member appeals from claim denials. *Id.*, ¶ 18. Furthermore, pursuant to Paragraph 28 of the Final Order, the Claims Administrator was ordered "to provide the Parties with a Plan of Allocation following the evaluation of Eligible Claims," and, after appropriate review by the attorneys, the parties were to file a proposed Plan of Allocation as provided in the settlement agreement.

5. The Court also granted Class Counsel's motion for attorneys' fees and expenses, awarding Class Counsel $3,069,000 in fees and $99,704.39 in reasonable expenses, as well as incentive payments of $2,000 to each of the forty-one (41) named Plaintiffs. *Id.* at ¶¶ 22, 25. After accounting for these and other fees and expenses, including claims administration costs and special master fees, the Net Settlement Fund is $5,744,106.14. *See* **Exhibit 3** (spreadsheet documenting KCC's accounting of the settlement fund and proposed distribution plan).[1] This amount includes $1,759,625.21 in cash reimbursement for Tier 1 claims, $162,769.14 in "In-Kind" Tier 1 relief (i.e., replacement product), and $3,821,711.79 in pro rata distribution under

---

[1] Because of the volume of the data contained in Exhibit 3, Plaintiffs will provide the Court with a native electronic version of the spreadsheet for ease of reference.

Tiers 2 and 3. *Id.* After all funds are distributed, the amount remaining in the Settlement Fund will be $14.31. *Id.*

## ARGUMENT

6. The Court should approve KCC's administrative determinations and authorize distribution of the Net Settlement Fund to Class Members whose claims have been recommended for approval. The parties propose to distribute the Net Settlement Fund now and submit that the determinations of KCC, as explained in the McComb Declaration and further detailed in Exhibit 3, are reasonable and appropriate.

7. The deadline for Settlement Class Members to submit claims was September 5, 2017. *See* McComb Decl., at ¶ 3. KCC has completed the processing and review of the 9,751 Claims that were received through that date and has determined that (a) 7,421 are acceptable in whole or in part, and that (b) 2,330 are rejected because they are ineligible for recovery from the Net Settlement Fund. *Id.*, ¶ 5. The 2,330 wholly rejected Claims are ineligible for such reasons as: "Claims received after the September 5, 2017 deadline, Claimants had a previously Signed Agreement with Rust-Oleum, No Tier 1 Proof of Purchase or insufficient Proof of Purchase to support the claim, [or] Proof of Purchase was not covered under this Settlement and Duplicate Claims." *Id.* Of the 7,421 claims that were acceptable in whole or in part, 1,230 Claims that were valid on Tier 1 have a recognized loss of zero after previously receiving warranty compensation from Rust-Oleum, and 316 Claims will receive product replacement only.

8. As demonstrated by the McComb Declaration, KCC carefully reviewed all submitted claim forms. *Id.*, at ¶¶ 2-6. The claims administration procedures were subject to a thorough quality-assurance review and auditing process that utilized procedures designed to ensure the correctness and completeness of the claims and generated documentation supporting

KCC's recommendations regarding distribution of the Net Settlement Fund. *Id.* Under KCC's proposed distribution plan, the remaining amounts in the settlement fund will be distributed to class members either in full compensation of their submitted claim (for Tier 1 cash reimbursement) or on a pro rata basis (for Tier 2 and Tier 3 claims). *See* Exhibit 3.

9. In addition, Special Master Haude personally reviewed 472 appeals from claim denials, either affirming or reversing those denials as set forth in detail in Exhibit 2.

10. Accordingly, it is respectfully submitted that the Court adopt KCC's determinations and recommendations as to the acceptance or rejection of claims and authorize the distribution of the Net Settlement Fund to the 7,421 eligible claimants identified in Exhibit 3.

## CONCLUSION

For the reasons set forth above, the parties' joint motion for distribution of settlement funds should be approved.

Dated: April 16, 2018            Respectfully submitted,

    *s/ Katrina Carroll*
Katrina Carroll
Kyle A. Shamberg
LITE DePALMA GREENBERG LLC
211 W. Wacker Drive, Suite 500
Chicago, Illinois 60606
Tel. (312) 750-1265
kcarroll@litedepalma.com
kshamberg@litedepalma.com

William M. Audet
AUDET & PARTNERS, LLP
221 Main St., Ste. 1460
San Francisco, California 94105
Tel. (415)568-2555
waudet@audetlaw.com

735448.1

*Interim Co-Lead Counsel for Plaintiffs*

*/s/ Lori E. Lightfoot*
Lori E. Lightfoot
Joshua D. Yount
MAYER BROWN LLP
71 South Wacker Drive
Chicago, Illinois 60606-4637
Telephone: (312) 782-0600
llightfoot@mayerbrown.com
jdyount@mayerbrown.com

*Counsel for Defendant Rust-Oleum Corp.*

735448.1